UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSEMARY SOTO,

      Plaintiff,

v.                                                                Case No. 1:22-cv-855

COMMISSIONER OF SOCIAL                        Hon. Jane M. Beckering
SECURITY,

      Defendant.

_____/

**REPORT AND RECOMMENDATION**

      Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied her claim for disability insurance benefits (DIB) and supplement security income (SSI).

      Plaintiff has a history of treatment for back issues related to a motor vehicle accident which occurred in May 2018, degenerative disc disease with herniation, and radiculopathy.  Plaintiff's Brief (ECF No. 14, PageID.1958).  Plaintiff filed an application for SSI on September 23, 2020, and an application for DIB on October 4, 2020.  PageID.35.  In both applications, plaintiff alleged a disability onset date of May 31, 2018.  *Id*.  Plaintiff identified her disabling conditions as lumbar laminectomy and fusion, hip trochanteric bursitis, labral tear left hip, and sternum pain/bruise tissue.  PageID.275.  Plaintiff completed the 12th grade and had past relevant employment as a stores laborer, motor vehicle assembler, child monitor, general inspector, and hand packager.  PageID.52.  An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on October 13, 2021.  PageID.35-53.  This

decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I.    LEGAL STANDARD

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016).  This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019).  "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only.  This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988).  "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports

the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant

is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases."  *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007).  "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date."  *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.    ALJ's DECISION

Plaintiff's claim failed at the fifth step of the evaluation.  At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 31, 2018, and meets the insured status requirements of the Social Security Act through December 31, 2025.  PageID.37.  At the second step, the ALJ found that plaintiff has severe impairments of: degenerative disc disease with herniation and radiculopathy status/post discectomy and laminectomy (July 15, 2019) and fusion (July 6, 2020); bilateral bursitis with left acetabular labrum tear status/post arthroscopy with repair (October 14, 2019); depression; and anxiety.  PageID.38.  At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  *Id.*

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except for the following: the claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She cannot climb ladders, ropes, or scaffolds. The claimant should avoid work at unprotected heights, with dangerous moving machinery, vibration, extreme cold or heat, humidity, or slippery/uneven terrain. She is limited to work with simple, routine tasks.

PageID.40.   The ALJ also found that plaintiff was unable to perform any past relevant work. PageID.52.

At the fifth step, the ALJ found that plaintiff could perform a significant number of unskilled jobs at the sedentary exertional level in the national economy.   PageID.52-53. Specifically, the ALJ found that plaintiff could perform the requirements of document preparer (37,000 jobs), final assembler (14,000 jobs), and order clerk (14,000 jobs).   PageID.53. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from May 31, 2018 (the alleged onset date) through October 13, 2021 (the date of the decision).  PageID.53.

### III.    DISCUSSION

Plaintiff set forth two issues on appeal.

**A. The ALJ did not provide adequate rationale for the symptom evaluation finding, specifically, for pain symptoms related to plaintiff's history of back issues caused by her previous motor vehicle accident and her degenerative disk disease.**

Plaintiff contends that the ALJ's finding that her statements concerning the intensity, persistence and limiting effects of her symptoms were not consistent with the evidence of record is based on "cherry picking of the objective evidence of record" which is improper under SSR 16-3p.   Plaintiff's Brief (ECF No. 14, PageID.1962).   An argument that the ALJ mischaracterized or "cherry-picked" the record is frequently made and seldom successful, because "the same process can be described more neutrally as weighing the evidence." *White v. Commissioner*, 572 F.3d 272, 284 (6th Cir. 2009).  *See Daniels v. Commissioner of Social Security*, 152 Fed. Appx. 485, 489 (6th Cir. 2005) ("an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered").  As discussed, *infra*, the ALJ in this case was faced with reviewing and evaluating

almost 1,500 pages of medical records (*see* Exhibits 1F through 23F (PageID.460-1941)). Contrary to plaintiff's contention, the ALJ provided an adequate evaluation of the evidence and rationale for her decision.

While it is well-settled that pain may be so severe that it constitutes a disability, a disability cannot be established by subjective complaints of pain alone. Rather, objective medical evidence that confirms the existence of pain is required. *Shavers v. Secretary of Health and Human Services*, 839 F.2d 232, 234-35 (6th Cir. 1987). Plaintiff refers to SSR 16-3p, which sets out the two-step process for evaluating an individual's symptoms: (1) "We determine whether the individual has a medically determinable impairment (MDI) that could reasonably be expected to produce the individual's alleged symptoms;" and, (2) "We evaluate the intensity and persistence of an individual's symptoms such as pain and determine the extent to which an individual's symptoms limit his or her ability to perform work-related activities." SSR 16-3p, 2017 WL 5180304 at *3-4 (Oct. 25, 2017). *See* 20 C.F.R. §§ 404.1529(c)(1) and (2); 416.929(c)(1) and (2).[1]

The Commissioner also considers other evidence including:

(i) Your daily activities; (ii) The location, duration, frequency, and intensity of your pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms; (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3). Finally, "[i]t is well established that the ALJ is not required to discuss every factor or conduct a factor-by-factor analysis" of the matters listed in

---

[1] While plaintiff refers to plaintiff's "credibility" (PageID.1961), that term has been eliminated from Social Security Administration policy. *See* SSR 16-3p, 2017 WL 5180304 at *2 ("we are eliminating the use of the term 'credibility' from our sub-regulatory policy, as our regulations do not use this term").

20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3).  *See Pratt v. Commissioner of Social Security*, No.

1:12-cv-1084, 2014 WL 1577525 at *3 (W.D. Mich. April 21, 2014) (collecting cases).

Here, the ALJ provided a lengthy discussion of plaintiff's treatment since the May

2018 accident.  PageID.42-48.  After reviewing the treatment record, the ALJ concluded that:

> The evidence, including imaging, showed evidence of the claimant's degenerative disc disease; labral tear; and bursitis. Post-surgery imaging has consistently shown intact hardware and alignment.  The record shows extensive treatment that included multiple rounds of physical therapy; surgeries; and injections.  Dr. Sloffer did advise the claimant that she might still have back and buttock pain after surgery and that his goal of surgery was to alleviate the leg pain. Despite the claimant's reports of continued pain and limitations, treating physicians have not detected any sensory deficits or loss of muscle strength. EMG testing has been unremarkable during the relevant period. While the claimant does have some physical limitations, the evidence in the record supports a finding that she can work within the residual functional capacity adopted in this decision.

PageID.49.  This review addressed the symptoms, treatment, and other matters which plaintiff

reported to her medical treaters set out in almost 1,500 pages of medical records.  *See* Exhibits 1F

through 23F (PageID.460-1941).

As part of her review, the ALJ considered the opinions of state agency consultants

Katherine Alizo M.D. and Asok Sachdev, M.D., as well as a number of plaintiff's treaters:

physiatrist David Muzlakovich, M.D.; neurosurgeon, Chris Sloffer, M.D.; orthopedic surgeon J.

Todd Brown, D.O.; and, Kevin Wiesum, PAC with Orthopedic Associates of Michigan.

PageID.50-51.  The ALJ provided sufficient reasons for finding that the opinions were persuasive:

Dr. Alizo (persuasive as to plaintiff's ability perform sedentary work with limitations); Dr.

Sachdev (affirmed Dr. Alizo's assessment of plaintiff's postural and environmental limitations,

and was persuasive in terms of the sitting limitations consistent with a sedentary exertional level);

Dr. Muzlakovich ("persuasive because they are generally consistent with sedentary exertional

limitations" and noting that "[t]he physician is a specialist in physical medicine and had a

longitudinal perspective of the claimant's hip and spinal treatment"); Dr. Sloffer ("persuasive as it is consistent with the evidence of record that [plaintiff's] recovery from her first spinal surgery was without incident and she reported an improvement in her leg pain after the surgery"); and Dr. Brown and PAC Weisum ("persuasive as the [off-work] restrictions were temporary to allow for healing post-surgery").  *Id*.  In addition, the ALJ considered plaintiff's daily activities such as caring for her child (PageID.50-51) and the ability to walk a few blocks without hip limitations (PageID.48).

Ultimately, the ALJ concluded:

> I have considered the claimant's subjective reports of symptoms; her treatment for her symptoms; the effectiveness of her treatment; the clinical examinations; and the diagnostic imaging. I find that degenerative changes in the claimant's back and hips would limit her ability to lift, carry, and stand and walk, so that she would be able to perform no more than sedentary work. In addition, her symptoms, including back, left hip, and left leg pain would limit her mobility, so that she would have postural and environmental limitations, consistent with those included in the residual functional capacity.

PageID.51.

Upon review of the record as a whole, the Court concludes that the ALJ review and findings were consistent with the restrictions of plaintiff's medical treaters, who knew plaintiff and were aware of her subjective symptoms.  Accordingly, this claim of error should be denied.

### B. The ALJ improperly omitted from the residual functional capacity (RFC) evaluation exertional limitations that are supported by the record.

This claim of error appears to be directed at the ALJ's review of Dr. Muzlakovich's opinions.  Plaintiff contends that "[t]he ALJ's findings are inconsistent where she found the medical opinion of [plaintiff's] treating physician to be persuasive but does not adopt his sit/stand restriction in assessing [her] residual functional capacity."  Plaintiff's Brief at PageID.1969. Plaintiff's claim refers to the following statement in the ALJ's decision:

Treating physiatrist, David Muzlakovich, M.D., issued several work restrictions from 2018 through 2020. Dr. Muzlakovich typically included limitations of lifting and carrying to less than 10 pounds as well as postural limitations of no stooping, bending, or twisting. At times, his restrictions included "sit down" work as well as the ability to sit and stand at will.

PageID.51.

Plaintiff cites no authority for the proposition that an ALJ's finding that a medical opinion is "persuasive" requires the ALJ to adopt all restrictions in that opinion. The court rejected a similar argument in *Ephraim v. Saul*, No. 1:20CV00633, 2021 WL 327755 (Jan. 8, 2021), *R&R adopted*, 2021 WL 325721 (N.D. Ohio Feb. 1, 2021):

> Under the previous regulations, when an ALJ accorded "great weight" to a medical opinion, the ALJ was not required to adopt every facet of the opinion expressed by the medical source. *See Taylor v. Colvin*, 2013 WL 6162527 at *15 (N.D. Ohio Nov. 22, 2013) (finding ALJ was not required to adopt every opinion of an ME "by virtue of the fact that, overall, he gave [the ME's] opinion great weight"). *See also White v. Comm'r of Soc. Sec.*, 2013 WL 4817673 at * 16 (N.D. Ohio 2013) (noting that "[t]he fact that the ALJ did not incorporate all of Dr. Castor's restrictions, despite attributing significant weight to his opinion, is not legal error in and of itself"). The Revised Regulations provide no basis for abandoning this precedent. Thus, although the ALJ deemed Dr. Todd's opinion "persuasive," and stated that he was rewording her recommended limitations, he was not required to include every element of all of her proposed limitations in the RFC or explain why he did not adopt all of the proposed limitations. *See, e.g., Hedick v. Berryhill*, No. 1:17CV2310, 2018 WL 6348759, *6 (N.D. Ohio Nov. 14, 2018), report and recommendation adopted by 2018 WL 6344611 (N.D. Ohio Dec. 4, 2018).

*Ephraim*, 2021 WL 327755 at *13. *See also Reeves v. Commissioner of Social Security*, 618 Fed. Appx. 267, 275 (6th Cir. 2015) (under the former treating physician rule, "Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale."). For these reasons, plaintiff's claim of error with respect to Dr. Muzlakovich's opinion should be denied.

Finally, at the end of her brief, plaintiff refers to an examination of plaintiff performed on January 9, 2021, by Martha Pollock, M.D. at Great Lakes Medical Evaluations. Among other things, the doctor found that plaintiff had "decreased range of motion about her lumbar spine and left hip," had "pain with straight leg raising," and "was unable to perform any orthopedic maneuvers" (PageID.1750-1753).  *See* Plaintiff's Brief at PageID.1971-1972.  While plaintiff states that "[her] inability to perform orthopedic maneuvers and other findings in this examination were not addressed by the ALJ" and "were not considered in Plaintiff's RFC assessment" (PageID.1972), she does not develop this argument beyond a conclusory assertion of error. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).  Accordingly, this claim should be denied.

## IV.  RECOMMENDATION

For the reasons discussed, I respectfully recommend that the Commissioner's decision be **AFFIRMED**.


Dated:  October 31, 2023                          /s/ Ray Kent
                                                  RAY KENT
                                                  United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).